## CALIFORNIA UNION INSURANCE COMPANY
## *v.* ARKANSAS LOUISIANA GAS COMPANY

78-111                                    572 S.W. 2d 393

Opinion delivered October 23, 1978
(Division I)

*Wright, Lindsey & Jennings,* for appellant.

*Stuart W. Hankins,* for appellee.

GEORGE HOWARD, JR., Justice. We are to decide whether the trial court was correct in following the substantive law of

Arkansas in deciding whether the liability insurance policy issued by appellant provided coverage for an award of punitive damages involving injuries occurring in Oklahoma, and where appellee paid the punitive damages pursuant to an Oklahoma court's judgment and now seeks restitution from appellant.

## THE FACTS

The cardinal facts for a resolution of the issue tendered are:

On July 23, 1975, an action was instituted in the United States District Court for the Western District of Oklahoma, against Arkansas Louisiana Gas Company by certain plaintiffs designated as the "Casto Family" for personal injuries and property damages sustained on June 27, 1975, as a consequence of an explosion of a natural gas transmission line installed by Arkansas Louisiana Gas Company on the Casto farm.

At the time of the explosion, appellee had in force a liability insurance policy issued by United States Fidelity & Guaranty Company insuring appellee against bodily injury and property damage claims made against it as a result of an occurrence or accident arising from the transport, distribution, and sale of natural gas. The limit of liability for bodily injury damages in one occurrence was $250,000.00. However, there was also in force an excess of liability policy issued by the appellant. This coverage indemnified appellee against the same claims covered by the USF&G policy for any damages in excess of $250,000.00, but less than $500,000.00.

The Casto family recovered compensatory damages, and also received punitive damages in the sum of $150,000.00. The recovery far exceeded the limit of liability under the policy issued by USF&G.

Appellant declined to accept responsibility for the $150,-000.00 punitive damage award contending that there was no coverage for punitive damages under the terms of its certificates of excess insurance. Pursuant to an agreement of the

parties, appellee paid the punitive damages without waiving any rights to make claim against appellant for the amount paid.

The certificates of excess insurance, issued by appellant, adopted by reference the insuring agreements of the primary policy which provided that appellant was obligated to pay on behalf of appellee all sums which appellee shall become legally obligated to pay as damages because of bodily injury or property damage caused for an occurrence or accident to which the policy applies. The certificate of excess insurance also contains the following stipulation:

> "It is agreed that in the event of the failure of the company hereon to pay any amount claimed to be due hereunder, the company hereon, at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and the practice of such Court."

On January 5, 1977, appellee filed suit in the Pulaski Circuit Court seeking to recover from appellant the $150,-000.00 paid to the Casto family as punitive damages, and the statutory penalty and attorneys fees as provided for under Arkansas law. Appellant filed its answer asserting as a defense to appellee's complaint essentially that the excess insurance policy did not cover an award for punitive damage; and that it is not liable to appellee for the pre-judgment interest on the punitive damage award in the event appellee has to pay pre-judgment interest.[1]

---

[1]The United States District Court, Western District of Oklahoma, awarded the Casto family pre-judgment interest at the rate of 6% per annum. However, Arkansas Louisiana Gas Company-appellee, appealed the award of pre-judgment interest to the United States Court of Appeals for the Tenth Circuit, but a decision on that appeal has not yet been rendered. Nevertheless, appellee prayed for a declaratory judgment in its action in the Pulaski County Circuit Court that in the event it is unsuccessful on its appeal, appellant is liable under its excess insurance policy for the award of pre-judgment interest assessed on the punitive damage portions of the federal court judgment; and that appellant is further liable for all cost of that appeal in the federal proceeding.

Appellant and appellee filed simultaneous motions for summary judgment and entered into a stipulation of the facts.

## HOLDING OF THE TRIAL COURT

The trial court, in ruling in behalf of appellee and entering a judgment for appellee for $150,000.00, together with interest from April 9, 1976, at the rate of 6% per annum in the amount of $16,047.15, plus $18,000.00 as statutory penalty, plus appellee's cost expended in the amount of $132.52 and reasonable attorney's fee in the amount of $10,500.00, together with interest on the $150,000.00 from January 20, 1978, at the rate of 10% per annum, made the following pertinent finding:

"3. The issue of whether an award of punitive damages is within the insurance coverage afforded by the insurance contract within the factual setting as set forth in the Stipulation of Facts is governed by Arkansas law which has been clearly determined on this point in the case of *Southern Farm Bureau Casualty Ins. Co. v. Daniel*, 246 Ark. 849, 440 S.W. 2d 582 (1959). The Court further finds that its application of Arkansas law on this point would be appropriate even if it were to determine that this case constituted a choice of law situation and it were to apply the Arkansas conflict of laws rules. This is due to the Court's findings that there is no determinative Oklahoma law on the insurance coverage issue, and no clear indication of how the Oklahoma Courts would rule on such an issue if given the opportunity."

## THE DECISION

After carefully reviewing the record before us, we are persuaded that the trial court was correct in concluding that our case of *Southern Farm Bureau Casualty Ins. Co. v. Daniel*, 246 Ark. 849, 440 S.W. 2d 582 (1969), is dispositive of the issue involved in this case. It is not necessary, for a resolution of the issue in this case, to deal with the conflict of laws issue sought to be raised and injected in this case by appellant.

In our case of *Southern Farm Bureau Casualty Ins. Co.* v. *Daniel,* supra, we made the following observation:

"... there can be no recovery for punitive damages unless actual damages are suffered and assessed. Such damages have been defined as damages imposed by way of punishment and as those given or awarded in view of the supposed aggravation of the injury to the feelings of the plaintiff by the wanton or reckless conduct of the defendant, ... Punitive damages are awarded upon a showing of gross and wanton negligence, ...

"As we read the policy herein it agrees to pay on behalf of the insurer all sums which the insured shall become LEGALLY OBLIGATED TO PAY AS DAMAGES, because of bodily injuries sustained. ...

"Neither can we find anything in the state's public policy that prevents an insurer from indemnifying its insured against punitive damages ... "

As far as we have been able to determine, our rule of law, as set forth in *Daniel,* supra, may not be contrary to Oklahoma's posture on the question inasmuch as the Oklahoma Supreme Court has not ruled on the matter. We are not unmindful of the fact that there appears to be some *dicta* in a case that might indicate the contrary, but the Oklahoma Supreme Court has not been called upon to deal precisely and directly with this question.

Moreover, it is plain from this record that appellant did not raise the issue of the applicability of the Oklahoma law as distinguished from the application of Arkansas law until appellant filed its brief in the trial court in support of its motion for summary judgment. Appellant's answer to appellee's complaint makes to reference whatsoever to the application of the Oklahoma law in the resolution of the issue before the trial court.

In addition, not only did the certificate of excess coverage stipulate that the appellee had the choice of submitting the issue to any court of competent jurisdiction within

the United States of America; and that appellant would comply with all requirements necessary to give such court jurisdiction, and that all matters shall be determined in accordance with the law and practice of such court, but in addition, stipulated as follows:

"3. ARKLA is engaged in the business of a natural gas utility in Arkansas, Louisiana, Oklahoma, Texas and Kansas, and has several corporate subsidiaries that are engaged in businesses that are related to the natural gas industry. More of the business of ARKLA and its subsidiaries (which were also insured by the policies in question) is transacted in Arkansas than in any of the other states in which it operates."

Concluding that the trial court committed no reversible error, we affirm the judgment of the Pulaski County Circuit Court.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.